Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Wednesday, January 28, 2009 2:08:53 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARY EDITH MITCHELL | ) | Case No. 06-144 |
| | ) | |
| Debtor. | ) | Chapter 7 |

## MEMORANDUM OPINION

Mary Edith Mitchell (the "Debtor") is entitled to a $25,000 homestead exemption under West Virginia law.[1] When she filed her Chapter 7 bankruptcy petition and schedules, she valued her home at $21,000, and claimed the full $21,000 in value as exempt. The Debtor's Chapter 7 trustee disagrees with the Debtor's valuation, and has filed a motion to compel turnover of her home on the belief that it may be worth $50,000. In response, the Debtor contends that she wholly exempted her home – and because the Chapter 7 trustee failed to timely object to her claim of exemption[2] – he is now precluded from doing so under the holding of the United States Supreme Court in *Taylor v. Freeland in Kronz*, 503 U.S. 638 (1992).

More specifically, the Debtor's counsel contends that by claiming an exemption in the same amount as the scheduled value of property, the Debtor put the Chapter 7 trustee on notice that she

---

[1] W. Va. Code § 38-10-4(a).

[2] Fed. R. Bankr. P. 4003(b) ("[A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded . . . . The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension."); Fed. R. Bankr. P. 9006(b)(3) ("The court may enlarge the time for taking action under Rules . . . 4003(b) . . . only to the extent and under the conditions stated in those rules."). Here, the Debtor's Chapter 7 trustee never timely objected to the Debtor's claim of exemption, and never timely requested an extension of time to file such an objection.

1

intended to exempt the entire property – not just a certain dollar value. The Debtor's Chapter 7 trustee argues that, based on the facts of this case, the Debtor cannot claim an exemption that is greater than the statutory limit available to her. He also states that he has no objection to the Debtor's $21,000 exemption claim, and concedes that the Debtor has an opportunity to amend her claim of exemption to the full $25,000 allowed under West Virginia law. In the view of the Chapter 7 trustee, allowing the Debtor to wholly exempt her homestead on the facts of this case would be to allow the "grossest of frauds."

The argument between the Debtor and her Chapter 7 trustee in this case has resulted in different outcomes in the Circuit Courts of Appeals.

The split in the Circuit Court of Appeals stems from the United States Supreme Court's decision in *Taylor v. Freeland in Kronz*, 503 U.S. 638 (1992). In *Taylor*, the Court held that a trustee loses the right to contest the validity of a claimed exemption if the trustee misses the deadline for objecting to the exemption as set forth in Fed. R. Bankr. P. 4003(b)[3] – even if the debtor did not have a colorable basis for claiming the exemption. *Id.* at 644. The debtor in *Taylor* listed a pending employment discrimination claim on her schedule of personal property, and stated that it had "unknown" value. *Id.* at 640. On the debtor's schedule of exempt property, she claimed the pending lawsuit as exempt. *Id.* At the debtor's § 341(a) meeting of creditors, the debtor explained to the Chapter 7 trustee that the lawsuit could be worth about $90,000, but the trustee never objected to the debtor's claim of exemption on the grounds that no statutory basis existed to claim it. *Id.* at 641. In the words of Justice Thomas:

---

[3] When a debtor files bankruptcy, all the debtor's property becomes property of the debtor's bankruptcy estate. 11 U.S.C. § 541(a). The Bankruptcy Code, however, allows a debtor to keep some of the debtor's property by claiming certain statutory exemptions. § 522(b). A debtor claims these exemptions under § 522(l), which requires the debtor to file a list of the property that the debtor claims as exempt. Unless a party in interest objects, the property claimed as exempt on the § 522(l) list (Schedule C to the Bankruptcy Petition) is exempt. § 522(l). Fed. R. Bankr. P. 4003(b) sets the deadline for filing such an objection, and it requires that the objection be filed within 30 days after a debtor's meeting of creditors under 11 U.S.C. § 341(a). The meeting of creditors is generally held anywhere between 20 and 40 days after the filing of a bankruptcy petition. Fed. R. Bankr. P. 2003(a). At the meeting of creditors, the trustee is afforded the opportunity to examine the debtor and ask questions regarding the debtor's bankruptcy petition and schedules.

2

> Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality. In this case, despite what respondents repeatedly told him, Taylor did not object to the claimed exemption. If Taylor did not know the value of the potential proceeds of the lawsuit, he could have sought a hearing on the issue, see Rule 4003(c), or he could have asked the Bankruptcy Court for an extension of time to object, see Rule 4003(b). Having done neither, Taylor cannot now seek to deprive Davis and respondents of the exemption.

*Id.* at 643.

Several facts are key to the holding in *Taylor*: (1) no statutory basis existed for the debtor to claim the exemption; (2) the Chapter 7 trustee had knowledge that the lawsuit may be worth as much as $90,000 at the time of the debtor's § 341(a) meeting of creditors; and (3) the Trustee had a meritorious objection to the debtor's claim of exemption but elected not to timely file the objection.

While acknowledging the "exemption by declaration" rule articulated in *Taylor*, courts facing variations of the Taylor fact pattern have reached different results.

For example, and most analogous to the case before this court, in *Schwab v. Reilly (In re Reilly)*, 534 F.3d 173 (3d Cir. 2008), the Court of Appeals for the Third Circuit determined that a debtor who properly claimed an $10,718 exemption in business equipment – that the debtor also valued at $10,718 – had, in fact, wholly exempted the business equipment in the absence of a timely objection from the debtor's Chapter 7 trustee. *Id.* at 178. Unlike *Taylor*, the debtor in *Reilly* properly claimed her statutory exemption, and the trustee was unaware at the time of the Debtor's § 341(a) meeting of creditors that the actual value of the business equipment was $17,200. *Id.* at 174. The Third Circuit rejected the Chapter 7 trustee's argument that he had no objection to the amount of the claimed exemption because the exemption claimed was proper; he only believed that the value of the property was greater than the amount of the claimed exemption, which, in his view, did not require him to file an objection. *Id.* at 176, 178. The court reasoned that the debtor made her intent known to the trustee that she was attempting to exempt the entire property itself – rather than a specific dollar value – based on the fact that she listed the value and the exemption in the same amount: "Such an identical listing put Schwab on notice that Reilly intended to exempt the property fully." *Id.* at 178. The trustee's remedy was to seek an appraisal of the property and file

3

an objection to the debtor's claim of exemption within the Fed. R. Bankr. P. 4003(b) deadlines. *Id.*[4]

In contrast, the Court of Appeals for the First Circuit, in *Barroso-Herrans v. Lugo-Mender (In re Barroso-Herrans)*, 524 F.3d 341 (1st Cir. 2008), determined that a debtor listing a pending lawsuit as having a contingent value of $4,000 and then exempting the lawsuit in the amount of $4,000 is limited to the $4,000 claimed exemption after the case settled for $100,000. Importantly, the exemption claimed by the debtor, and the amount of the exemption, were proper. *Id.* at 345 n.2. Also, both the debtor and the trustee initially treated the lawsuits as partially exempt; the debtor's argument that the lawsuits were fully exempt was only made after the bankruptcy court rejected a fee proposal for the prosecution of the lawsuit. *Id.* at 343. Moreover, the demand in the lawsuit asked for damages in excess of $4 million, including the recovery of account receivables, which the debtor listed on his bankruptcy schedules as having a value of $170,452. *Id.* at 344-45. In the view of the First Circuit, *Taylor* "does not tell us *what* has been claimed as exempt – only that *whatever* has been claimed as exempt is beyond the estate's grasp once the deadline has elapsed." *Id.* at 344 (emphasis in original). The standard for determining what has been claimed as exempt is "how a reasonable trustee would have understood the filings under the circumstances." *Id.* In this regard, the court stated:

> Had Barroso listed the value of the suits as "unknown" – as the debtor did in *Taylor* – or used a nominal sum like $ 1 as a placeholder, he would have a much stronger argument. "Use of terms like '100% [of the property's value],' 'unknown,' 'to be determined,' 'tba' and '$ 1.00' are red flags to trustees and creditors," and therefore put them on notice that if they do not object, the whole value of the asset – whatever it might later turn out to be – will be exempt. But Barroso used none of these "red flag" terms. In their absence and given the much higher valuations of the accounts receivable, the trustee might reasonably assume that the $ 4,000 figure reflected not the expected value of the full lawsuit but rather the face value of a $ 4,000 interest in the suit's proceeds.

---

[4] *See also Allen v. Green (In re Green)*, 31 F.3d 1098 (11th Cir. 1994) (holding that a debtor claimed a contingent lawsuit as wholly exempt by listing its value at $1.00 and exempting it in the amount of $1.00; the Chapter 7 trustee recognized that the $1.00 value was to mark the claim as contingent and he knew that $1.00 was not the actual value of the debtor's lawsuit); 4 *Collier on Bankruptcy* ¶ 522.05[2][b] (Alan N. Resnick & Henry J. Sommer, eds. 15th ed. rev. 2008) ("Normally, if a debtor lists an asset as having a particular value in the schedules and then exempts that value, the schedules should be read as a claim of exemption for the entire asset, to which the trustee should object if the trustee believes the asset has been undervalued.").

*Id.* at 345.

In another variation, the Court of Appeals for the Eighth Circuit held in *Stroebner v. Wick (In re Wick)*, 276 F.3d 412, 416 (8th Cir. 2002), that "when a specific dollar figure given by statute limited the amount of the exemption . . . listing "unknown" [as the value of the property and the amount of the exemption] does not, by itself, render the [property] fully exempted." Unlike *Taylor*, where there was no legal basis for the debtor to claim the exemption in her employment discrimination lawsuit, the debtor in *Wick* claimed an exemption in an "unknown" amount based on the federal wildcard exemption of 11 U.S.C. § 522(d)(5). *Id.* at 414. The parties stipulated that the unused amount of the wildcard exemption was $3,925, and the court concluded that the dollar value set forth in the statute limited the amount of the debtor's claimed exemption. *Id.* 416. The factual determinations underlying the court's decision were that the debtor and her counsel always considered the property to only be partially exempt, the debtor listed a valid statutory basis for her exemption, the Chapter 7 trustee consistently followed up on the valuation of the property in an effort to administer it, and the trustee had no basis to object to the debtor's proper claim of exemption. *Id.* at 417. The court further opined:

> We do not think that the Bankruptcy Code and Rules oblige a trustee to object every time a debtor partially exempts an asset in order to preserve the estate's interest. Since exemptions are routinely smaller than the assets they are designed to protect (for example, with homes), objections would multiply greatly if *Taylor* were read so broadly. Further, in these situations, the judge would have nothing to determine after the objections, except that the debtor is exempting the asset to the extent the Code allows--a result that is clear from the face of the exemption schedule and § 522. In *Taylor*, the Court found that the debtor "in fact claimed the full amount as exempt" but did not have a right to exempt more than a small portion of the asset. The Court went on to note specifically that the trustee "as a result, apparently could have made a valid objection under § 522(l) and Rule 4003 if he had acted promptly." This case is distinguishable, and we therefore hold that *Taylor* does not bar the estate's interest.

*Id.* at 417-18.[5]

---

[5] *See also In re Hyman*, 967 F.2d 1316, 1319 (9th Cir. 1992) ("The Hymans' schedule of exempt property listed 'homestead' as an exemption under Cal. Civ. Proc. Code § 704.720, and valued the exemption at $ 45,000. Based on this information, the Hymans did not sufficiently notify others that they were claiming their entire homestead as exempt property; their schedule only gave notice that they claimed $ 45,000 as exempt, which is the proper amount of their

5

The Court of Appeals for the Fourth Circuit has also provided some guidance on how the *Taylor* rule of "exemption by declaration" is to be given effect. In *Williams v. Peyton (In re Williams)*, 104 F.3d 688, 689 (4th Cir. 1997), the debtor held property under a tenancy by the entirety that had $48,576 in equity after deducting secured liens from the property's petition date value. The debtor claimed a tenancy by the entireties exemption in the amount of $48,600, and argued that the Chapter 7 trustee forfeited the right to administer the property for joint and individual creditors when he failed to timely object to the debtor's claim of exemption. *Id.* Reasoning that a tenancy by the entirety exemption was only valid against individual creditors – not joint creditors – the Fourth Circuit allowed the trustee to sell the property and administer the assets for the debtors' joint creditors. *Id.* at 690. Regarding the debtors' argument under *Taylor* that she claimed the entire property as exempt, the court stated that *Taylor* involved a case where the debtor claimed an exemption to which she was not legally entitled; "in contrast, by specifically claiming an exemption under section 522(b)(2)(B), Williams merely claimed an exemption to which she was legally entitled – the exemption of her tenancy by the entirety from the claims of her non-joint creditors." *Id.* In the view of the Fourth Circuit, "*Taylor* does not purport to require a trustee to object to a claimed exemption to which the debtor is fully entitled." *Id.*

Also, in *Ainslie v. Grablowsky (In re Grablowsky)*, No. 93-2289, 32 F.3d 562, 1994 U.S. App. LEXIS 20701 (4th Cir. Aug. 8, 1994), the Fourth Circuit summarily affirmed a district court decision holding that a debtor claiming $1.00 of a partnership interest as exempt is limited to the $1.00 exemption. In the view of the district court:

> The Supreme Court's language [in *Taylor*] neither states nor implies that the debtor's valuation of the property at issue becomes conclusive when there has been no objection pursuant to Code § 522(1) and Rule 4003(b). This language was written in the context of a debtor who explicitly claimed as exempt the entire value of property worth an unknown amount of money. The passage has no relevance where, as in the present cases, the debtors have not claimed the entire amount of their interests in property exempt but instead have claimed a precise value amount of their interests exempt.
>
> . . . .

---

homestead allowance under sections 704.720 and 704.730. Thus, the trustee had no basis for objecting, and could well have suffered the bankruptcy judge's ire had he objected to the $45,000 exemption to which the Hymans were clearly entitled.").

6

> *Taylor* simply does not address whether a debtor's valuation of property becomes conclusive in the absence of a timely objection pursuant to 11 U.S.C. § 522(1) and Rule 4003(b). . . . This Court finds more persuasive, however, those decisions which have quite properly recognized:
>
>> the distinction between an objection to the existence of an exemption and an objection to the valuation of the property in which debtors claim an exemption. Only the former objection must be made within the Bankruptcy Rule 4003(b) 30-day period following the meeting of creditors.

*Addison v. Reavis*, 158 B.R. 53, 60-61 (E.D. Va. 1993) (citations omitted).

With regard to this case, the court concludes that the Debtor has not wholly exempted her interest in her homestead for seven reasons: (1) the Debtor's claim of exemption is proper under W. Va. Code § 38-10-4(a); (2) the Debtor's Chapter 7 trustee had no basis to object to the Debtor's claim of exemption because the amount she claimed was statutorily authorized; (3) Fed. R. Bankr. P. 4003(b), which governs the time a party in interest has to object to a claim of exemption does not control the time to bring a dispute before the court regarding valuation of property; (4) the exemption claimed by the Debtor, W. Va. Code § 38-10-4(a), provides a dollar cap on the amount of a homestead exemption that the Debtor can claim ($25,000), and by using $21,000 of this exemption on her home, the Debtor did not notify the Chapter 7 trustee that she intended to claim an exemption that exceeded the statutory cap; (5) the position of the Chapter 7 trustee in this case is that he did not interpret the Debtor's claim of exemption to be in excess of the $21,000 actually claimed; (6) there are an absence of "red flags" in this case that effectively convey to the Chapter 7 trustee, and other interested parties, that the Debtor clearly intended to wholly exempt her homestead regardless of its value by, for example, stating that she was claiming her homestead as 100% exempt under the Supreme Court's holding in *Taylor*; and (7) the Debtor prepared her own schedules and it is up to her Chapter 7 trustee to determine the Debtor's intention in claiming an exemption; thus, any ambiguity as to whether the Debtor is attempting to effect an exemption by declaration should be construed against the Debtor as the drafter of her own exemption schedule.[6]

---

[6] *E.g.*, *Barroso-Herrans*, 524 F.3d at 345 ("[I]t is most fair to place on the debtor the burden of claiming exemptions unambiguously."); *Addision*, 158 B.R. at 59 (same).

7

In holding that the Debtor in this case is limited to a $21,000 homestead exemption (subject to amendment), the court realizes that it is reaching a result directly contrary to *Schwab v. Reilly (In re Reilly)*, 534 F.3d 173 (3d Cir. 2008), which is the case most analogous to the facts before this court, and to the view expressed in *Collier on Bankruptcy*. However, the court cannot conclude – as the Court of Appeals for the Third Circuit did – that the Debtor put her Chapter 7 trustee on notice that she was claiming property as wholly exempt by equating the value of her property and her claim of exemption when the claim of exemption is proper and below the statutory cap. In this court's view, it is the Debtor's burden to unambiguously claim an exemption by declaration under *Taylor*.

Therefore, the court will enter a separate order pursuant to Fed. R. Bankr. P. 9021 that grants the Chapter 7 trustee's motion to compel turnover of the Debtor's homestead.